Nash, C. J.
 

 There is no error. In 1850, an execution came to the bands of tbe sheriff of Hyde, on whose official bond tbe defendants were sureties, at the instance of one Young, against tbe relator, who thereon paid tbe sheriff three hundred dollars. Tbe writ was never returned, nor tbe money paid into tbe office, nor to tbe plaintiff in tbe execution. Tbe sheriff of Hyde died, and after bis death, another execution was
 
 *327
 
 issued against the relator, upon, wbicb be again paid the money. The action is on the official bond of the deceased sheriff; the breaches assigned, that he did not pay to the proper person the money received, nor return the writ. The relator has misconceived his action ; he might have maintained an action against Young, the plaintiff,'for money had and received-to his use as having been paid by mistake. When the sheriff of Hyde received the money on the execution, the latter was discharged and he had no further claim upon the relator, in relation to it, and Young committed .a tort or wrong in having issued the second execution. If a sale of the relator’s property had taken place under the second execution, the sale would have been void and the purchaser would have acquired no title under it.
 
 Murrell
 
 v.
 
 Roberts,
 
 11 Ire. 424.
 

 The first execution was discharged and the debt paid. The relator paid the amount the second time in -his own wrong. When it issued, he might have stopped it by a motion in the Court from which it issued, or by
 
 audita
 
 querela,■ which is the appropriate remedy where the party has no claim.. He has no claim against these defendants. Such an action might have been brought by Young, for it was an injury to him, that the sheriff made no return to Court, nor paid the amount received, to him.
 

 Per Curiam. Judgment affirmed.